UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER P. FORDHAM, :
:
      Petitioner : No. 4:CV-10-0480
:
  vs. : (Complaint Filed 03/03/10)
:
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, et al., : (Judge Muir)
:
      Respondents :

**MEMORANDUM AND ORDER**

June 15, 2010

    Christopher P. Fordham, a former inmate, filed this pro se petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254. He seeks to have the 552 days of federal good time credit applied to his state sentence. (Doc. 1, petition). On May 19, 2010 a response to the petition was filed. Although provided an opportunity, the petitioner elected not to file a traverse. For the reasons set forth below, the petition will be denied.

**Background**

    Petitioner states that he pled guilty in the Court of Common Pleas of Centre County, Pennsylvania, to charges of

dealing in proceeds of unlawful activity (31 counts), delivery of a controlled substance (8 counts), criminal conspiracy (2 counts), and corrupt organizations (2 counts). (Doc. 1, petition, p. 1, ¶¶3-6). Fordham was sentenced under Pennsylvania law to serve a prison term of ten to twenty years. Id. Fordham was also prosecuted by the federal government in this Court and sentenced to serve a ten year prison sentence. Id.; see United States v. Fordham, No. 4:97-CR-0018 (M.D. Pa.) (McClure, J.).

Fordham indicates that his state sentence was to run concurrently with his federal sentence, such that his minimum sentence of ten years under Pennsylvania law would expire at the same time as his ten-year federal sentence. (Doc. 1, petition, p. 1, ¶3). The federal government granted Fordham 552 days of "good time" credit, and he was released from federal prison before the expiration of ten years to the custody of the Pennsylvania Department of Corrections. (Doc. 1, petition, p. 5, ¶12). The Pennsylvania Department of Corrections refused to credit the 552 days of good time to Fordham's state sentence, and so Fordham served that time in state prison until his ten-year minimum sentence expired and

he was released on parole. Id. Now that Fordham has been released from state prison to serve the remainder of his state sentence on parole, he seeks to have the 552 days of good-time credit from the federal government applied to his state sentence. Id.

Fordham files the instant petition of writ of habeas corpus, seeking to have 552 days applied to his state sentence. In support of his petition, Fordham relies on the decision of the United States Court of Appeals for the Third Circuit in Graham v. Lanfong, 25 F.3d 203 (3d Cir. 1994). Because this Court finds Graham to be factually distinguishable from petitioner's case, the petition for writ of habeas corpus will be denied.

**Discussion**

The United States government utilizes a determinate sentencing scheme in which an inmate is sentenced to a set number of years of imprisonment, often referred to as a "flat" sentence. Commonwealth v. Kleinicke, 895 A.2d 562 (Pa.Super.2006). Because the duration of an inmate's sentence is immediately determinable upon sentencing, parole is unnecessary; but as a substitute, an inmate may earn credit

-3-

for good behavior to reduce the overall length of his sentence. See 18 U.S.C. § 3624(b).

The sentencing scheme in Pennsylvania differs dramatically from the more familiar federal scheme. Pennsylvania "employs an indeterminate sentencing scheme." Kleinicke, 895 A.2d at 572 (Pa.Super.2006). Pursuant to that scheme, when a sentencing court imposes a sentence of imprisonment, it must impose both a minimum term of imprisonment and a maximum term. Id. See also, 42 Pa.C.S.A. § 9756(a). The minimum period of incarceration must not exceed one half the maximum. 42 Pa.C.S.A. §§ 9756(b), 9757. Once the defendant completes the minimum term of incarceration, it is up to the Parole Board to determine when (and if) he/she will be released before serving the maximum sentence imposed by the court.[1] Thus, the length of the

---

[1] Such a scheme is called "indeterminate" because the term of imprisonment a defendant will actually serve is not determined. The defendant (and the sentencing court for that matter) knows only that he/she will be incarcerated for the minimum term and can potentially remain in prison until the maximum term is reached.

defendant's incarceration is not known "at the moment of sentencing because the defendant may ultimately serve only the minimum, the maximum or any sentence between the two." Kleinicke, 895 A.2d at 572. Statutes imposing mandatory minimum sentences "only ... limit the sentencing court's discretion as to the minimum term, not as to the maximum term," id., which must always be set by the Legislature. See, e.g., 18 Pa.C.S.A. §§ 1103, 1105 (setting maximum terms for felony, misdemeanor and summary offenses). As such, even though Fordham completed his ten-year federal sentence in less than ten years as a result of the good-time credit applied to the federal sentence, he could not be released from custody before the expiration of his minimum sentence under Pennsylvania law.

To the extent that Fordham bases his argument on the decision on Graham v. Lanfong, 25 F.3d 203, (3d Cir. 1994), in Graham, the United States Court of Appeals for the Third Circuit held that federal prisoners should be treated no differently for purposes of implementing good-time credits, regardless of whether they are serving a federally imposed sentence or a state sentence being served in federal prison

pursuant to 18 U.S.C. § 5003. As such, the Court found that when an inmate received a federal and concurrent territorial sentence to be served in federal prison, the "good time" credit he earned during his federal incarceration also applied to his territorial sentence. Id. Thus, because Fordham has been sentenced to a concurrent state and federal sentence, he believes that under Graham, his federal "good time" credit is to be applied to his Pennsylvania sentence.

Graham, however, is distinguishable, in that, as Fordham states in his petition "[t]he Graham[2] Court based its finding on the existence of a contract under 18 U.S.C. § 5003, which authorizes the Director of the United States Bureau of Prisons to contract with the appropriate state and territorial officials for the custody of persons convicted in state or territorial courts." (Doc. 1, Petitioner's Brief, pp. 6-7). In the instant action, although Fordham is serving

---

[2]In addition to Graham, petitioner cites to Bickerstaff v. Thornburgh, 755 F. Supp. 977 (D. Kan. 1991) and Joyner v. Henman, 755 F. Supp. 982 (D. Kan.1991)). Once again, these cases are distinguishable in that the records of each of these cases contained a copy of the intergovernmental agreement authorizing the transfer of each prisoner from state to federal custody.

a concurrent state and federal sentence, there is no record evidence of any contract or agreement that Pennsylvania subjected Fordham's sentence to the federal statutes and administrative regulations governing the federal Bureau of Prisons. Thus, the good time credit applied to Fordham's federal sentence has no effect on his separate state sentence. See Fordham v. Commonwealth, Dep't of Corrections, 943 A.2d 1004 (Pa. Commw. Ct. 2008)(holding that inmate was not entitled to good time credit against his concurrent state sentence for good time credits earned during a federal prison sentence). The petition for writ of habeas corpus will be denied. An appropriate Order accompanies this Memorandum Opinion.

Dated: June ___, 2010

MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER P. FORDHAM, :
:
      Petitioner : No. 4:CV-10-0480
:
vs. : (Complaint Filed 03/03/10)
:
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, et al., : (Judge Muir)
:
      Respondents :

**ORDER**

June 15, 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1, petition) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                              _____
                                              MUIR
                                              United States District Judge